# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY ROBINSON, | ) |
|         Petitioner, | ) |
| | ) Case No. 2:14-cv-00129-WTL-WGH |
|     vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
|         Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Jeremy Robinson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as 111/108-A. For the reasons explained in this entry, Mr. Robinson's habeas petition must be **denied**.

## A. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On April 9, 2013, Lt. Noble wrote a Report of Conduct in case 111/108-A charging Mr. Robinson with attempted/escape. The conduct report states:

> On 4-9-13 at [a]ppr. 12:30 P.M. I LT. Noble was lining the recycling center Offenders up to do a count to make sure that we had the proper accountability. I went to go back toward the recycling building to make sure the doors were locked and secured. I turned around and clearly observed Offender Robinson DOC # 103728 take his sock hat and hit the fence electrical wire and pull hat back quickly. This was done with enough pressure that I could see the wire on fence move from the pressure of his hat hitting the fence. Offender Robinson was immediately placed into mechanical restraints and sent to segregation.

[Filing No. 9-1].

On April 12, 2013, Mr. Robinson was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He did not request a lay advocate and requested Jonah Yates as a witness. Mr. Robinson did not request any physical evidence. [Filing No. 9-2].

The hearing officer conducted a disciplinary hearing in case 111/108-A on April 15, 2013, and found Mr. Robinson guilty of the charge of attempted/escape. In making this determination the hearing officer considered the staff reports and the offender's statement. Based on the hearing officer's recommendations the following sanctions were imposed: six days disciplinary segregation (time served), a forty-five (45) day loss of telephone privileges, a ninety (90) day deprivation of earned credit time, and a demotion from credit class 1 to credit class 2. The hearing officer recommended the sanctions because of the seriousness of the charge and the likelihood of the sanction having a corrective effect on the offender's future behavior. [Filing No. 9-3].

Mr. Robinson appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

## C. Analysis

Mr. Robinson is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) the evidence was insufficient to support a guilty finding; and 2) there were violations of the Indiana Department of Correction's Adult Disciplinary Code.

In grounds one and three of the petition, Mr. Robinson claims the evidence was not sufficient to support a guilty finding. The standard necessary for the disciplinary board to find an offender guilty is "some evidence." *Hill*, 472 U.S. at 454. "Some evidence" is defined as "whether there is any evidence in the record to support the disciplinary board's conclusion." *Id*. at 455. This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), *citing Hill,* 472 U.S. at 457, and *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989).

According to the conduct report, which is sufficient evidence because a conduct report alone may suffice as "some evidence." *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient), Mr. Robinson hit the electrical fence with his hat with enough pressure to move the fence wires, which reasonably appeared to be an attempt to disable the fence or test the effectiveness of it. The Custody Supervisor issued a memo that states the following:

> Any offender caught throwing any type of object into the Stun Fence should be charged with a 111/108A. It is my belief that they are attempting to either:
> 1. Disable the fence in order to effect an escape or,
> 2. Trigger the alarms in order to test the response time and/or actions of the facilities 1st responders.

Mr. Robinson did not escape, thus he was properly charged with attempted escape based on his conduct. The evidence is sufficient to support a guilty finding of attempted/excape and Mr. Robinson is not entitled to relief. *See Meeks v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (stating the "some evidence" standard does not permit courts to reweigh evidence and it is generally

immaterial that a prisoner presents exculpatory explanation if it does not undercut evidence relied on.).

In ground two of the petition, Mr. Robinson's claim is based upon the rules and procedures of the Indiana Department of Correction. Relief is not available for that claim in this action because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire,* 502 U.S. 62, 68 at n. 2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride,* 966 F.Supp. 765, 774–75 (N.D.Ind.1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations.").

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Lawson's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/21/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeremy Robinson
#103728
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, Indiana 47838

All electronically registered counsel